IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL BERNARD HOLIDAY          :
                                 :
    v.                           :   Civil Action No. DKC 08-2341
                                 :   Criminal Case No. DKC 05-0313
UNITED STATES OF AMERICA         :
                                 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion by Petitioner Michael Bernard Holiday to vacate, set aside, or correct his sentence. (ECF No. 35). The issues are fully briefed and the court now rules, no hearing being deemed necessary. *See* Local Rule 105.6. For the reasons that follow, the motion will be denied.[1]

**I. Background**

On June 29, 2005, the grand jury returned an indictment against Petitioner Michael B. Holiday, charging him with the interstate transportation of child pornography. While the indictment was pending, Holiday cooperated with the government by providing information concerning Dessie R. Nelson, a government official accused of taking bribes. Among other things, Holiday travelled to California and surreptitiously

---

[1] Holiday also recently moved for the appointment of counsel. (ECF No. 54). That request will be denied as moot.

recorded conversations between himself and Nelson.  The evidence Holiday collected eventually led Nelson to enter a guilty plea to charges of bribery and tax evasion.  *See United States v. Nelson*, No. DKC 07-0451 (filed Oct. 3, 2007).  After Holiday completed his cooperation, he signed a written plea agreement with the government on August 2, 2007.  Holiday agreed to plead guilty to three counts:  transportation of child pornography, tax evasion, and bribery.

The court held an initial sentencing proceeding on January 23, 2008.  At sentencing, counsel for Holiday suggested that Holiday's sentence should be reduced in light of certain family hardship; in particular, counsel suggested that Holiday's son would suffer if Holiday were forced to serve a prison term.  The court ordered that the hearing be continued to allow defense counsel and the government more time to address these family hardship issues.  After defense counsel filed a status report on the family issues, sentencing resumed on July 14, 2008.  The court adopted the guidelines calculations in the pre-sentence report, which called for an offense level of 29 and a criminal history score of I.  Concluding that a sentence of 78 months would have been appropriate in a case without cooperation, the court further reduced Holiday's sentence to 48 months in recognition of his assistance to the government.  The court

concluded that Holiday's family issues did not warrant any further departure.

Holiday did not appeal.  Instead, on September 9, 2008, he filed this petition under 28 U.S.C. § 2255.  (ECF No. 35).  The government opposed on January 7, 2009.  (ECF No. 43).  Holiday did not reply.

**II.  Standard of Review**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  A pro se movant such as Holiday is of course entitled to have his arguments reviewed with appropriate consideration.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978).  But if the Section 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  28 U.S.C. § 2255(b).

**III. Analysis**

Generally speaking, Holiday's arguments fall into three categories.  First, he challenges certain actions taken (or not taken) by his defense counsel.  Second, he complains that the court was not adequately informed of the full extent of his

cooperation. Third, he raises certain issues that do not challenge his conviction or sentence. None of these issues warrants relief.

**A. Ineffective Assistance of Counsel**

Holiday argues that he received ineffective assistance from his trial counsel. Such claims are governed by the well-settled standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the *Strickland* standard, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, he must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In applying *Strickland*, there exists a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *See id.* at 688-89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must judge the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). Moreover, where, as here, a defendant challenges his counsel's

4

conduct after he entered an early guilty plea, "[h]indsight and second guesses" are even more inappropriate. *Premo v. Moore*, 131 S.Ct. 733, 745 (2011). Lastly, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted even had the attorney's performance been deficient. *See Strickland*, 466 U.S. at 697.

### 1. Failure to Call a Witness

Holiday first contends that his counsel should have called a child psychologist, Dr. Roosevelt Johnson, to testify concerning the effects of any incarceration on Holiday's son. Counsel did in fact argue that hardship on Holiday's son warranted a lesser sentence. Even so, Holiday deems that argument inadequate without Johnson's testimony.

Counsel's decision not to call the Dr. Johnson did not amount to deficient performance. "[T]he decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risks, and one to which we must afford enormous deference." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) (quotation marks, brackets, and ellipses omitted). Indeed, the Fourth Circuit – along with other courts – has recognized that tactical decisions such as which witnesses to call are "virtually unchallengeable." *Powell v. Kelly*, 562 F.3d 656, 670 (4th Cir. 2009) (quotation marks omitted); *see also United States*

5

*v. Orr*, 636 F.3d 944, 955 (8th Cir. 2011) ("[W]e consistently have affirmed that a defense counsel's decision not to call a witness is a virtually unchallengeable decision of trial strategy." (quotation marks omitted)); *Hall v. Thomas*, 611 F.3d 1259, 1293 (11th Cir. 2010) ("[T]he decision concerning which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." (quotation marks omitted)); *Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir. 2008) ("[T]he decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney.").

Holiday has provided no reason to depart from the ordinary rule of substantial deference in this case. His counsel pressed the issue in the initial sentencing proceeding by providing a letter from Dr. Johnson. That letter raised enough of a question in the court's mind that the proceedings were suspended. But as counsel indicated at the second proceeding, Dr. Johnson then became ill, impeding any effort to call him as a witness. (*See also* ECF No. 30, at 2). Perhaps more importantly, between the first and second sentencing proceeding, a state court awarded custody of Holiday's son to the boy's mother. That custody award made quite clear that Holiday's caretaking responsibilities were not "irreplaceable" to his family, *see* U.S.S.G. § 5H1.6, comment., a fact the court

6

acknowledged at the second hearing. Moreover, Holiday presents no evidence that his case presents the sort of "exceptional" situation that warrants departure based on this "discouraged" factor.[2] *See, e.g.*, *United States v. Rybicki*, 96 F.3d 754, 759 (4th Cir. 1996) (noting defendant's "responsibilities to his son," a nine-year with neurological problems that required special supervision, did not warrant departure); *United States v. Maddox*, 48 F.3d 791, 799 (4th Cir. 1995) (finding defendant's care of sister did not warrant departure, even though such care was "crucial to the structure and stability of his family"). Holiday's counsel was not deficient in choosing to focus his attention on other matters at sentencing, rather than pressing what he very likely realized was a feeble argument. "*Strickland* does not require counsel to investigate" and argue "every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant." *Campbell v. Polk*, 447 F.3d 270, 282 (4th Cir. 2006).

Even putting aside the fact that counsel was not deficient, Holiday also has not established any prejudice resulting from the failure to call Dr. Johnson. The unsworn statement Holiday

---

[2] The 2002 Guidelines book used at sentencing goes farther, stating, "Family ties and responsibilities . . . are not ordinarily relevant in determining whether a sentence should be outside the applicable range." U.S.S.G. § 5H1.6.

7

filed with his petition indicates that "Dr. Johnson was waiting to hear from [defense counsel]." (ECF No. 35-1, at 1). Yet nowhere does he provide any hint of what Dr. Johnson would have said that would have affected the court's decision. Lacking such information, Holiday has not shown that there was any reasonable probability that this court would have departed further after hearing additional testimony from Dr. Johnson.

In short, Counsel was not ineffective in failing to call Dr. Johnson.

**2. Failure to Inform Holiday of "Certain Rights"**

Holiday next states that "the Judge informed [him] that [his counsel] would be informing [him] of certain rights [he has], however when the sentencing was over [Holiday and counsel] talked briefly and [counsel] left." (ECF No. 35-1, at 1). It is not clear what particular rights Holiday is referring to here, or what he thinks counsel should have told him but did not. The body of his petition is similarly unilluminating, as it says only, "Never informed of post-conviction rights." (ECF No. 35, at 6).

The government construes this as an argument concerning his appellate rights; that would seem to be the best construction. The only relevant post-conviction right referenced by the court in the sentencing proceeding was the right to appeal. To the extent Holiday complains that he was not informed of his right

to file a motion under 28 U.S.C. § 2255, that is something of a moot argument given that Holiday himself filed a timely section 2255 petition. Moreover, because Holiday has no constitutional right to counsel in his habeas proceedings, he cannot raise ineffective assistance claims related to those proceedings. *Rouse v. Lee*, 339 F.3d 238, 251 (4th Cir. 2003). *But see Martinez v. Ryan*, No. 10-1001, 2011 WL 380903, at *1 (S.Ct. June 6, 2011) (granting *certiorari* to determine whether, in certain situations, an ineffective assistance of counsel claim can arise at the post-conviction stage).

Counsel did not render ineffective assistance with regard to Holiday's appeal rights. Certainly, a failure to consult with a client concerning his appeal can, in some cases, amount to ineffective assistance of counsel. *See generally United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007). Such circumstances, however, are absent in this case. To understand why, it is important to recognize what is *not* implicated here. This is not a case, for instance, where the defendant indicated that he wanted to appeal. To the contrary, Holiday does not even suggest in his section 2255 that he would have liked to appeal. Nor is this an instance where there were obvious grounds for appeal that counsel simply ignored. Holiday waived many of his appeal rights in his plea agreement and the court

9

imposed a sentence that largely reflected the agreement reached by the parties.

Instead, Holiday seems to suggest that the failure of trial counsel to advise a defendant of his right to appeal is *per se* ineffective.[3] That is not the law. *See Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000) ("We cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient."). Counsel has an obligation to consult only where there is (a) some basis for believing that a rational defendant would want to do so, or (b) some basis for knowing that this particular defendant wishes to appeal. *Id.* at 480. Neither scenario exists here, leading to one conclusion:

> [W]here counsel consults with a client and establishes expectations about the consequences that are likely to follow from a guilty plea, it is difficult to say that counsel is 'professionally unreasonable, as a constitutional matter, in not consulting with such a defendant regarding an appeal, if (1) those expectations are met, (2) the defendant does not express any interest in

---

[3] It is worth noting that Holiday never actually alleged that his trial counsel failed to consult with him. Instead, he complains that they only talked briefly after the hearing and Holiday was "confused." (ECF No. 35-1, at 1). "[T]here is no duty for an attorney to insure that his client understands all that he is told. . . . Indeed, such a standard would present obvious difficulties, not the least of which is that counsel has no way to measure what someone does or does not understand." *Kratsas v. United States*, 102 F.Supp.2d 320, 325 (D.Md. 2000).

10

>appealing, and (3) counsel concludes that there are no nonfrivolous grounds for appeal. These are precisely the circumstances in this case. Accordingly, we cannot say that [counsel] provided constitutionally ineffective assistance to [Holiday] in failing to consult with him about the possibility of taking an appeal.

*United States v. Cooper*, 617 F.3d 307, 314-15 (4th Cir. 2010) (internal quotation marks omitted).

Counsel did not provide ineffective assistance with regard to Holiday's "post-conviction rights."

### 3. Failure to Challenge the Sophisticated Means Enhancement

In his last attack on trial counsel's performance, Holiday argues that counsel should have challenged an enhancement Holiday received "because of concealment of money." (ECF No. 35-1, at 1). The government reads this "concealment" issue as a reference to the sophisticated means enhancement that Holiday received under Sentencing Guidelines § 2T1.1(b)(2). The court does the same.

Here again, counsel did not provide ineffective assistance, as he did in fact challenge the sophisticated means enhancement. The Sentencing Guidelines provide that an enhancement is appropriate in tax cases such as this one where an individual hides assets "through the use of fictitious entities, corporate shells, or offshore financial accounts." U.S.S.G. § 2T1.1(b)(2), comment. (2002). The enhancement in this case was

based primarily on Holiday's use of various entities to conceal assets.[4]  Counsel contended that the business structure was not created for a nefarious purpose, but rather resulted from the haphazard development of Holiday's business.  He further contended that Holiday intended to consolidate these various entities into a holding company.  Even the government noted that Holiday's accounts were in his name and not difficult to trace.

But, hamstrung by some damaging facts to which Holiday stipulated in the plea agreement, counsel's argument was only able to go so far.  As the court noted during sentencing, the stipulated facts stated that:

> . . . the Defendant endeavored to conceal his income through various means, including by transferring the funds into bank accounts in the names of nominee companies he controlled.  For example, on or about April 25, 2003, the Defendant caused $50,000 to be transferred by wire from HIS to a bank account in the name of Imperial Management.

(ECF No. 43-3, at 14).  There was no indication then – and there is no indication now – that Holiday's stipulation to those facts was anything less than knowing and voluntary.[5]  In the end, these

---

[4] Holiday admits in his section 2255 petition that he created the companies to conceal money, but insists his intent was to "shelter the money not from the government but from law suits." (ECF No. 35-1, at 1).

[5] Holiday swore to the veracity of these facts at his Rule 11 hearing.  "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly

12

facts proved fatal to counsel's argument. Still, that does not establish that counsel was ineffective. Quite the opposite: counsel diligently pressed his argument, and the fact that his argument was unsuccessful does not render him ineffective. *See Bell v. Evatt*, 72 F.3d 421, 429 (4th Cir. 1995) (explaining unsuccessful argument alone does not establish ineffective assistance).

And, of course, Holiday has not established prejudice. The facts underlying this enhancement were found in the stipulated facts. Thus, even if one assumes that counsel did not press this argument fervently enough, Holiday provides no reason to suspect that further argument would have changed the outcome.

**B. Other Contentions**

Holiday's remaining claims are all meritless and require only brief discussion.

Holiday complains that no one informed the court about the full scope of his cooperation. In particular, Holiday says the court should have been told that his cooperation exposed past

---

contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (quotation marks and citations omitted); *see also Fields v. Att'y Gen. of State of Maryland*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").

instances of bribery involving Nelson and other contractors. It is not clear if Holiday brings this as another ineffective assistance of counsel claim or something else altogether. Regardless, the argument fails, as both the government and defense counsel did in fact describe Holiday's cooperation to the court. In the sentencing memorandum, defense counsel explained that Holiday "obtained the names of contractors who paid Ms. Nelson over a fifteen (15) year period." (ECF No. 43-4, at 10). Similarly, at sentencing, the government observed that Holiday's actions "yielded extremely incriminating information against Ms. Nelson, not just about her conduct with Mr. Holiday but also involving other allegations with unrelated contractors, and those matters, at least some of them, are still ongoing." (ECF No. 43-5, at 11-12). In sum, the court was aware of the nature of Holiday's cooperation and considered that cooperation in imposing a sentence below his mandatory minimum sentence.

In his final three section 2255 claims, Holiday states that (a) he is not sure how to report for his incarceration,[6] (b) he is "not certain of tax liability,"[7] and (c) he wants "personal

---

[6] This issue is now moot, as Holiday has reported and is currently serving his sentence.

[7] If this is an argument concerning the restitution amount, it fails. The parties stipulated to the tax restitution

14

items" "seized" by the government returned. To the extent it is possible to discern what Holiday is arguing, such contentions are not properly brought in a section 2255 motion. A section 2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). These last three arguments would not seem to attack the validity of Holiday's conviction or sentence. For that reason, they must be rejected.

## IV. Conclusion

For the foregoing reasons, Holiday's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

figure. Holiday does not provide any reason to reverse that stipulation.

2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Holiday does not satisfy the above standard.

    A separate order will follow.

                                                  /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge